UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MADELINE GOMEZ and CARLOS GOMEZ,

                Plaintiffs,                                    MEMORANDUM & ORDER

               - against -                                         04-CV-2922 (NGG)

SHOES FOR CREWS, INC.,

                Defendant.
-----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Madeline ("Madeline") and Carlos Gomez (collectively, "Plaintiffs") bring this diversity action against Defendant Shoes for Crews, Inc. ("Defendant") in which they assert various state-law claims arising out of a slip-and-fall accident sustained by Madeline at a Kentucky Fried Chicken/Taco Bell restaurant in Staten Island, New York. Plaintiffs claim that the shoes worn by Madeline on that day, which were manufactured by Defendant, did not protect her from slipping on grease, as they should have. Plaintiffs wish to hold Defendant liable on theories of negligence, strict liability, and breach of warranty. Carlos Gomez brings an action for loss of consortium arising from Madeline's injuries.

Defendant now moves the court for summary judgment on all of Plaintiffs' claims. For the reasons stated below, Defendant's motion is granted in its entirety.

**I.    Standard of Review**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden of showing the absence of any

genuine dispute as to a material fact rests on the party seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## II. Factual Background

On March 26, 2002, Madeline was working at a Kentucky Fried Chicken/Taco Bell restaurant in Staten Island, New York as an assistant supervisor, when she slipped and fell on a slippery substance on the floor of the kitchen. (Declaration of Kimberly A. Fandrey ("Fandrey Decl.") (Docket Entry # 56) Exh. J-K ("Gomez Dep.") at 4, 7, 9; Affidavit of Madeline Gomez ("Gomez Aff.") (Docket Entry # 54) ¶ 2.) That morning, Madeline had noticed a substance on the floor, which she described as a foul-smelling combination of oil and food. (Gomez Dep. at 250, 254.) The substance was between one and one-and-a-half inches thick. (Id. at 248.) Madeline complained to her manager about the substance, but nobody tried to clean it up. (Id. at 250-51.) On other days, Madeline had mopped the floor because she did not want anybody to fall on grease. (Id. at 36.)

On the day of the accident, Madeline was wearing shoes manufactured by Defendant. (Id. at 201.) Defendant's catalog, from which Madeline picked out the shoes she was wearing, stated "Stop slipping and falling and get with Shoes for Crews. Slip less." (Id. at 241.) The box in which the shoes arrived was adorned with four pictures of people slipping, with crosses through the pictures. (Attachment to Gomez Aff.) The box also bore the legend "SLIP LESS ON THE JOB[.] WALKING IN THE GREATEST SLIP-RESISTANT SHOES ON EARTH!" (Id.)

2

Randy Lubart, Defendant's Senior Vice President for Sales, stated at his deposition that the packaging in Defendant's shoes contains a "statement to the effect that 'Please remember that no shoe is 100 percent slip-proof and it should be [used] in composition [sic] with good housekeeping practices.'" ( Fandrey Decl. Exh. L ("Lubart Dep.") at 26.) Defendant, however, has not provided the court with a copy of the actual warnings that were provided to Madeline. (See id.. at 27.)

Lubart also stated at his deposition that the catalog from which Madeline selected the shoes contained a warning inside the main cover stating "'Please remember that no shoe is 100 percent slip-proof. It should be worn in accordance with good housekeeping practices,' or a statement to that effect." (Id. at 32-33.) Defendant has not provided the court with a copy of the catalog from which Madeline picked her shoes. (See id. at 27.)

Madeline states in her affidavit that "there was no warning accompanying the shoes or in the catalogue, which warned a user not to walk in grease, oil or water." (Gomez Aff. ¶ 10.) She conceded in her deposition, however, that she did not read much of the catalog and was mostly looking at the styles of the different shoes. (Gomez Dep. at 242.)

## III. Discussion

As this is a diversity case, the New York products-liability law applies. See Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 132 (2d Cir. 1999). Plaintiffs' claims based on strict liability, breach of implied warranty of merchantibility, and negligence will be considered in turn.

### A. Strict Liability

Under New York law, a plaintiff proceeding under a theory of strict liability "may assert that a product is defective because of: (i) a mistake in manufacturing; (ii) improper design; or

3

(iii) failure to provide adequate warnings regarding the use of the product." Sita v. Danek Medical, Inc., 43 F. Supp. 2d 245, 251-52 (E.D.N.Y. 1999). Plaintiffs assert claims under each of these theories.

1. Mistake in Manufacturing

In a manufacturing defect case, the plaintiff must show that the product at issue was not manufactured correctly and that the defect was a substantial factor in bringing about the plaintiff's injury. See Voss v. Black & Decker Mfg. Co., 59 N.Y.2d 102, 105 (1983). Because Plaintiffs have not presented any evidence that the shoes were not manufactured according to Defendant's specifications, Defendant is granted summary judgment on Plaintiffs' manufacturing defect claim.[1] See Steuhl v. Home Therapy Equip., Inc., 51 A.D.3d 1101, 1102-03 (N.Y. App. Div. 3rd Dep't 2008) (to prove the existence of a manufacturing defect, plaintiff must show that product was not manufactured to manufacturer's specifications).

2. Design Defect

In a design-defect case, the standard is whether, "if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner." Fane v. Zimmer, Inc., 927 F.2d 124, 128 (2d Cir. 1991) (quotation omitted). To succeed in a design-defect case, the plaintiff must present evidence that "the product, as designed, presented a substantial

---

[1] In certain circumstances, a "plaintiff need not adduce direct evidence of a specific defect, but . . . may rest on proof that the product did not perform as intended by the manufacturer." George Larkin Trucking Co. v. Lisbon Tire Mart, Inc., 210 A.D.2d 899, 900 (N.Y. App. Div. 4th Dep't 1994). As discussed below, Plaintiffs have provided no evidence that the shoes did not perform as intended by Defendant.

4

likelihood of harm and feasibly could have been designed more safely." Id. Plaintiffs have presented evidence only that Madeline slipped while wearing the shoes made by Defendant. They have not presented any evidence that Madeline would not have slipped had the shoes been better designed.² Defendant is therefore granted summary judgment on Plaintiffs' design defect claim.

### 3. Failure to Provide Adequate Warnings

"A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known." Liriano v. Hobart Corp., 92 N.Y.2d 232, 237 (1998). However, "when a warning would have added nothing to the user's appreciation of the danger, no duty to warn exists as no benefit would be gained by requiring a warning." Id. at 241-42.

Defendant has provided deposition testimony that both the catalog Madeline picked her shoes out of and a label that came with the shoes contained a warning that the shoes were not 100% slip-proof. On a summary judgment motion, however, only evidence that would be admissible at trial may be considered, see Fed. R. Civ. P. 56(e), and Defendant has not adequately established that Lubart's testimony is the best available evidence of the warnings contained in the catalog and attached to the shoes purchased by Madeline. See Fed. R. Evid. 1004. The court will therefore not consider this evidence.

---

² Plaintiffs argue that Defendant should have come forward with affirmative evidence that their shoes reduce slippage. (Memorandum of Law in Opposition to Defendant, Shoes for Crews Inc's Motion for Summary Judgment ("Pl. Mem.") (Docket Entry # 54) at 12.) On summary judgment, however, the burden is on the plaintiff to present evidence supporting his claim, not on the defendant to present evidence disproving the plaintiff's claim. See Fed. R. Civ. P. 56(e)(2).

The legends on the shoe box that Madeline received, and upon which she admittedly relied, (see Gomez Aff. ¶¶ 5-6), however, communicate that it is still possible to slip with the shoes. The legend "SLIP LESS," for example, means that the wearer of the shoes may still slip, although not as often as if he or she did not wear the shoes.[3] Moreover, the description of the shoes as "SLIP-RESISTANT" also means that slipping with the shoes is still possible. Finally, the danger of slipping is an obvious one and it is clear that any purchaser of Defendant's shoes appreciated it, because they were intentionally purchasing slip-resistant shoes. Where, as here, a danger is obvious and a warning is given of the danger that does not deceptively minimize the danger and is not in some other way misleading, summary judgment should be granted to the defendant. See Eiser v. Feldman, 123 A.D.2d 583, 584 (N.Y. App. Div. 1st Dep't 1986). Defendant's motion is granted on Plaintiffs' failure-to-warn claim.

B.  **Breach of Implied Warranty of Merchantibility**

For purposes of breach-of-warranty claims, a product is defective when it is "not reasonably fit for the ordinary purpose for which it was intended." Denny v. Ford Motor Co., 87 N.Y.2d 248, 265 (1995). The evidence in the record establishes that Defendant's shoes were

---

[3] Plaintiffs in their briefs conflate "Slip less" with "Slipless." (Pl. Mem. at 10.) These terms, although orthographically similar, have very different meanings. Although not found in the Oxford English Dictionary, "slipless" is a word (if it were a word) whose most natural meaning would be "slip-proof." "Slip less," on the other hand, is a phrase which tells the reader that he or she will slip less often than otherwise. Plaintiffs argue that Defendant's shoes are "marketed specifically to kitchen personnel in the fast food industry who are not well educated." (Pl. Mem. at 4.) Manufacturers should take into account the literacy of their purchasers when devising warnings. See Arbaiza v. Delta Int'l Mach. Corp., CV 96-1224 (RJD), 1998 WL 846773, *7 ("Finally, the plaintiff has raised an issue of fact that the warning was inadequate when it was placed at knee height, was in small print and in English only."). However, the legends on Defendant's shoe-box were sufficiently clear that even purchasers of minimal literacy should have understood them, particularly in combination with the description of the shoes as "slip-resistant."

intended to be slip-resistant, not slip-proof. (See Lubart Dep. at 25-26, 29.) Plaintiffs have provided the court with no evidence that Defendant's shoes were not slip-resistant. The fact that Madeline slipped when wearing the shoes is insufficient to meet Plaintiffs' burden, as the shoes were intended only to be slip-resistant, not slip-proof. Summary judgment is therefore granted to Defendant on Plaintiffs' warranty claim.

### C. Negligence

To show negligent manufacture or design of a product, the plaintiff must demonstrate that there was a defect in the design or manufacture of the product. Sapp v. Niagara Mach. and Tool Works, 45 A.D.3d 1261 (N.Y. App. Div. 4th Dept. 2007). As discussed above, Plaintiffs have not provided evidence of any such defect. Summary judgment is therefore granted to Defendant on Plaintiffs' negligence claim.

## IV. Conclusion

Because there is no genuine issue of material fact to be tried and Defendant is entitled to judgment as a matter of law, Defendant's motion is granted in its entirety. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 5, 2008  /s Nicholas G. Garaufis
      Brooklyn, New York  NICHOLAS G. GARAUFIS
        United States District Judge